UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MARIE WESTROPE and REGGIE
KELLY, individually and on behalf of all
similarly situated,

        Plaintiffs,

   v.

RINGLER ASSOCIATES
INCORPORATED, PAUL HOFFMAN and
DOES 1-100,

        Defendants.

Case No. 3:14-cv-00604-ST

**OPINION AND ORDER**

**STEWART, Magistrate Judge:**

Defendants have filed a Request for Judicial Notice in Support of its Motion to Dismiss (docket #18). Generally, FRCP 12(b)(6) does not permit a court to consider evidence outside the pleadings. If matters outside the pleadings are presented to and not excluded by the court, then a motion under FRCP 12(b)(6) must be treated as one for summary judgment. FRCP 12(d). This rule has two exceptions. First, the court may take judicial notice of matters of public record "not subject to reasonable dispute." FRE 201(b). Second, a court may consider documents attached to or incorporated by reference into the complaint and whose authenticity are not questioned by any party. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F3d 1005, 1016 n9 (9th Cir 2012) (citations

omitted).  "When the plaintiff fails to introduce a pertinent document as part of his pleading, the defendant may introduce the exhibit as part of his motion attacking the pleading." *Cooper v. Pickett*, 137 F3d 616, 622-23 (9th Cir 1997), quoting *Branch*, 14 F3d at 453-54 (internal quotation marks and alterations omitted).

Because plaintiffs do not object to the versions of the Alaska and Oregon statutes submitted for review (Exs. D-E), the court will consider them.  Although plaintiffs do not contest the authenticity of the other three documents (Exs. A-C), they object to the court taking judicial notice of them because they contain facts in dispute.  These exhibits are an A.M. Best Insurance Report for the Executive Life Insurance Company of New York ("ELNY") dated December 31, 1984, with a rating of A+ (Ex. A), the May 1991 issue of the New York Insurance Department Bulletin about ELNY (Ex. B), and excerpts from the Final Schedule 1.15 to the ELNY Restructuring Agreement (Ex. C).  Plaintiffs' objection to these three exhibits is well-taken.

Defendants offer the Best Report and the New York Insurance Department Bulletin to rebut allegations that they knew in 1985 that ELNY was economically unsound.  However, "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)."  *Lee*, 250 F3d at 688.  Regardless of the source, evidence that ELNY was, in fact, economically sound when defendants brokered plaintiffs' structured settlement agreements attacks the truth of plaintiffs' allegations and cannot be considered without converting the motion to dismiss to a motion for summary judgment.

Defendants also contend that these documents should be judicially noticed because paragraph 8 of the Complaint refers to a blog entry by the NSSTA and urges the court to review the original sources rather than the blog.  However, plaintiffs cite the blog only to support the allegation that the NSSTA held meetings in 2007 to discuss the "potential shortfalls in

2 – OPINION AND ORDER

investment assets at [ELNY]," not as evidence of ELNY's 1985 rating or the 1991 transfer of ELNY to state supervision, which is defendants' purpose for offering these exhibits.

Defendants offer the excerpts from the Restructuring Agreement as evidence that plaintiffs' annuities are being covered, in part, by the New York Guaranty Association in an effort to excuse their negligence in placing plaintiffs with ELNY. However, plaintiffs' claim for damages takes into account any partial coverage by the New York Guaranty Association. Therefore, this document is irrelevant. Even if relevant, it too attacks the factual basis of plaintiffs' allegations and cannot be considered under FRCP 12(b)(6).

## ORDER

Defendants' Request for Judicial Notice in support of its Motion to Dismiss (docket #18) is GRANTED in part as to Exhibits D and E and DENIED in part as to Exhibits A-C.

DATED December 4, 2014.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
